**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:25-CV-00171-HBB**

**HESTER L.**[1] **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

**MEMORANDUM OPINION**
**AND ORDER**

## I. BACKGROUND

Before the Court is the Complaint (DN 1) of Hester L. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered January 21, 2026 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted. No such request was filed.

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

## II. FINDINGS OF FACT

On November 29, 2022, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 389-403). Plaintiff alleged that she became disabled on October 3, 2022, as a result of chronic obstructive pulmonary disease ("COPD"), hypertension, arthritis in bilateral legs, arthritis in low back, vitamin D deficiency, anemia, fatigue, anxiety, depression, and a learning disorder (Tr. 218, 229, 240, 251, 392, 543). The application was denied initially on May 31, 2023, and upon reconsideration on October 23, 2023 (Tr. 133, 273-284, 286-301). On December 11, 2023, Plaintiff filed a written request for hearing (Tr. 133, 302-03).

On May 22, 2024, Administrative Law Judge Eric Anschuetz ("ALJ") conducted a video hearing (Tr. 133, 188). Plaintiff and her counsel, Mary Burchett Bower, participated (*Id.*). Pamela Scalf, an impartial vocational expert, testified during the hearing (*Id.*).

In a decision dated June 13, 2024, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 133-45). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 3, 2022, the alleged onset date (Tr. 135). At the second step, the ALJ determined that Plaintiff has the following severe impairments: COPD, hypertension, and adjustment disorder with anxiety (Tr. 136). The ALJ also determined that Plaintiff has the following non-severe impairments: right lower lung nodule, contusion to left pinky toe, and degenerative disc disease (*Id.*).

At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in

Appendix 1 (Tr. 136). More specifically, the ALJ explained why Plaintiff did not meet listing 3.02, *Chronic Respiratory Disorders* and listing 3.03, *Asthma* (Tr. 136-37).

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) because she can lift/carry 20 pounds occasionally and 10 pounds frequently; she can stand and/or walk 6 hours in an 8-hour workday; she can sit 6 hours in an 8-hour workday; she can occasionally climb ramps and stairs but never climb ladders, and scaffolds; she can frequently balance; she can occasionally stoop, kneel, crouch, and crawl; she must not work in hazardous work environments; she must avoid work environments that have high concentrations of dusts, odors, fumes, and gases; she must not work in environmental extremes of heat or cold; she can have frequent interaction with supervisors, coworkers, and the public (Tr. 138). At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 143).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 144-45). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from October 3, 2022, through the date of the decision, June 13, 2024 (Tr. 145).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 385-88). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## III. CONCLUSIONS OF LAW

### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B. <u>The Commissioner's Sequential Evaluation Process</u>

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the RFC to return to his or her past relevant work?
>
> 5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

**C. Listing 3.02A**

**1. Arguments of the Parties**

Plaintiff argues the ALJ does not adequately address whether her COPD meets or medically equals listing 3.02A (DN 13 PageID # 1130-31). Plaintiff's position is premised on her $FEV_1$ values during the pulmonary function testing performed on September 30, 2023 (*Id.*) (Tr. 1025-27). Additionally, Plaintiff points out that Dr. Fister, state agency physician at the reconsideration level, indicates "tracing meet SSA standard when discussing spirometry of September 30, 2023" and "AOD=EOD" (*Id.* at PageID # 1130) (citing Tr. 247, 258). Plaintiff asserts "there is no discussion of Dr. Fister's comments regarding meeting the SSA standard" and "no consideration of equaling the listing and support provided from the opinion of Dr. Fister" (*Id.* at PageID # 1130-31).

In response, Defendant asserts that Plaintiff's arguments are without merit (DN 18 PageID # 1152). First, Defendant points out that Plaintiff acknowledges her pre-bronchodilator results were above the listing range and would preclude a finding that listing 3.02A is met (*Id.*). Next, Defendant explains that Dr. Fister is referring to the "tracings" of the test results being acceptable, "not stating that the test results met the listing" (*Id.* at PageID # 1152-53). Additionally, Defendant asserts that "Dr. Fister explicitly considered listing 3.02 in her PAMF and did not indicate that Plaintiff's COPD met or medically equaled this listing" (*Id.* at PageID # 1153) (citing Tr. 243, 254).

**2. Applicable Law**

At the third step, a claimant will be found disabled if her impairment meets or medically equals one of the listings in the Listing of Impairments. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010). The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a).

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. § 404.1525(c)(3). A claimant must satisfy all the criteria to "meet" the listing and be deemed disabled. *See* 20 C.F.R. § 404.1525(c)(3) and (d); *Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987).[2] However, a claimant is also deemed disabled if her impairment is the medical equivalent of a listing. 20 C.F.R. § 404.1520(a)(4)(iii); *Turner*, 381 F. App'x. at 491.[3] Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). "An administrative law judge must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." *Reynolds v. Comm'r Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). Additionally, the ALJ looks to the opinions of the state agency medical advisors and the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment is the medical equivalent of a listing. *See* 20 C.F.R. § 404.1526(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306,

---

2 An ALJ will find that an impairment "*meets* the requirements of a listing when it satisfies all of the criteria of that listing." 20 C.F.R. §§ 404.1525(c)(3), 416.925(c)(3); *see Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1984).

3 An ALJ will find that an impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a).

at *3-4 (March 27, 2017); *Deters v. Sec'y of Health, Educ. & Welfare*, 789 F.2d 1181, 1186 (5th Cir. 1986).

When the record "'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing." *Sheeks v. Comm'r Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)). Notably, the ALJ is required to actually evaluate the evidence, compare it to the applicable listing, "and give an explained conclusion, in order to facilitate meaningful judicial review." *Reynolds*, 424 F. App'x at 416. If an ALJ offers nothing to support his or her conclusions at step three, the reviewing court cannot assess whether the ALJ's decision is based on substantial evidence. *See Combs v. Colvin*, No. 15-104-DLB, 2016 WL 1301123, at *4 (E.D. Ky. April 1, 2016) (citing *Reynolds*, 424 F. App'x at 416; *James v. Colvin*, No. 3:11-CV-640-S, 2013 WL 4096977, at *8 (W.D. Ky. Aug. 13, 2013)). Thus, such an omission at Step Three may constitute reversible error. *Id.*

**3. <u>Discussion</u>**

The Court will begin with the issue of whether Plaintiff meets listing 3.02. As Plaintiff is 63 inches tall and over age 20, the criteria for 3.02A specifies that her $FEV_1$ value must be less than or equal to 1.25, and the criteria for 3.02B specifies her FVC value must be less than or equal to 1.50. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 3.02A, 3.02B. Equally important, the regulations specify that a claimant's highest $FEV_1$ value and highest FVC value will be used to evaluate their respiratory disorder under the criteria for 3.02A and 3.02B. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00E1. Here, Plaintiff's highest $FEV_1$ value is 1.42 and her highest FVC value is 2.03 (Tr.

1025-27).[4] Consequently, Plaintiff does not meet the criteria for 3.02A or 3.02B, a conclusion that Plaintiff reluctantly concedes in her argument (DN 13 PageID # 1130). Yet she nonetheless asserts the ALJ did not adequately address whether her breathing impairment meets or medically equals listing 3.02 (*Id.*).

Here, the ALJ clearly and unambiguously explained that Plaintiff did not meet listing 3.02, *Chronic Respiratory Disorders*, because she failed to satisfy the requisite $FEV_1$ or FVC values identified for 3.02A or 3.02B (Tr. 136). Additionally, the ALJ implicitly concluded Plaintiff did not satisfy the criteria for 3.02C when he observed "there is no chronic impairment of gas exchange evidenced by DLCO, arterial PaO2 or PaCO2, or SpO2 measurements" (Tr. 136-37). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 3.02C1, 3.02C2, 3.02C3. Further, the ALJ tacitly found Plaintiff did not satisfy the criteria for 3.02D when he pointed out "[t]here is also no evidence for exacerbations or complications requiring three hospitalizations lasting 48 hours each and occurring within a 12-month period at least 30-days apart during the alleged disability period" (*Id.*). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02D. Moreover, in reaching his conclusion that Plaintiff did not meet listing 3.02, the ALJ actually evaluated the evidence, compared it to the applicable listing, and gave an explained conclusion that facilitates meaningful judicial review. *See Reynolds*, 424 F. App'x at 416.

The Sixth Circuit has instructed that an ALJ "must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment." *Id.* at 415. Here, the ALJ does not appear to have addressed whether Plaintiff equaled listing 3.02 (Tr. 136-37). The error is, however,

4 Notably, these are pre-bronchodilator values (Tr. 1025-26).

harmless and a remand to the Commissioner is not required as Plaintiff has not shown that her breathing impairment equals listing 3.02.

In reaching this conclusion, the Court notes that Plaintiff has the burden to prove she has an impairment that meets or medically equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *See Lusk v. Comm'r of Soc. Sec.*, 106 F. App'x 405, 411 (6th Cir. 2004). To satisfy her burden, Plaintiff must identify medical findings in the record that are equal in severity to all the criteria of listing 3.02. *See Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x 868, 874 (6 Cir. 2003); *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). Plaintiff has failed to do so here (DN 13 PageID # 1130-31).

Instead, Plaintiff suggests that comments by Dr. Jacqueline Fister, made during her reconsideration review, leave open the possibility that Plaintiff's breathing impairment equals listing 3.02 (DN 13 PageID # 1130-31). But Dr. Fister's comment merely reads, "9/30/23 spirometry FVC 2.1; FEV1 1.42 (listing FEV1 1.25); tracings meet SSA standard" (Tr. 247, 258). The first part of this comment merely identifies the spirometry testing date, Plaintiff's highest FVC value, Plaintiff's highest $FEV_1$ value, and the $FEV_1$ value Plaintiff must have to meet listing 3.02A. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.02A. Certainly, this information does not satisfy Plaintiff's burden. The last part of Dr. Fister's comment merely acknowledges that the "tracings" included in the spirometry report comply with regulatory requirements for an acceptable spirometry test and report (Tr. 247, 258, 1027). *See* 20 C.F.R. Part 404, Subpt. P., App. 1, § 3.00E(3)(c). Clearly, this information does not satisfy Plaintiff's burden. Plaintiff also cites Dr. Fister's cryptic comment "AOD=EOD[,]" but fails to explain what this might mean and how it

sustains her burden to prove her breathing impairment medically equals listing 3.02 (DN 13 PageID # 1130-31). Consequently, Plaintiff's reliance on Dr. Fister's comments is misguided.

### D. <u>RFC DETERMINATION</u>

#### 1. *Arguments of the Parties*

Essentially, Plaintiff provides a laundry list of reasons why the ALJ's physical RFC findings are not supported by substantial evidence in the record (DN 13 PageID # 1131-36). First, Plaintiff disagrees with the ALJ's interpretation of the evidence concerning her COPD and hypertension (*Id.* at PageID # 1131-32). Next, Plaintiff takes issue with the ALJ's failure to adopt certain environmental limitations included in the prior administrative medical findings of Dr. Noon, on initial review, and Dr. Fister, on reconsideration review (*Id.* at PageID # 1132-35). Additionally, Plaintiff disputes the ALJ's persuasiveness findings pertaining to the medical opinion of Dr. Vig, a consultative examiner (*Id.* at PageID # 1135). Further, Plaintiff disagrees with the ALJ's interpretation of her work after the alleged onset date and the Work Activity Questionnaire completed by the store manager (*Id.* at PageID # 1135-36).

Defendant suggests that if the ALJ erred, in failing to adopt certain environmental limitations expressed by Drs. Noon and Fister in their prior administrative medical findings, it would be harmless because none of the jobs relied on by the ALJ at step five involve any exposure to wetness, humidity, or pulmonary irritants (DN 18 PageID # 1153-54). Next, Defendant asserts that the ALJ reasonably considered Dr. Vig's medical opinion, concerning Plaintiff's ability to stand/walk and lift, in assessing the consistency and supportability of the opinion (*Id.* at PageID # 1154-55). Defendant points out that the ALJ did fairly consider Plaintiff's part-time work at Save A Lot as a cashier after the alleged onset date, her reports about the impact of the work, and the

store manager's report (*Id.* at PageID # 1155-56). Defendant also points out that the vocational expert testified a hypothetical individual with Plaintiff's background and RFC could not perform this work (*Id.*).

**2. *Applicable Law***

The residual functional capacity ("RFC") assessment is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a). Plaintiff's challenges concern the ALJ's evaluation of the persuasiveness of medical source statements and prior administrative medical findings as well as assessment of Plaintiff's subjective allegations.

The applicable regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[5] in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[6] Instead, ALJs will now evaluate the "persuasiveness" of medical

---

5 At the initial and reconsideration levels, state agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). ALJs "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

6 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[7] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires ALJs to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations ALJs "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The regulations provide the following descriptions:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2); 416.920c(c)(1)-(2).

In assessing a claimant's RFC, the ALJ must necessarily consider the claimant's subjective allegations and make findings. 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 4790249,

---

7 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

at *49463-66 (Oct. 25, 2017). A claimant's statement that she is experiencing pain and other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a); SSR 16-3p, 2017 WL 4790249, at *49463-64. In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in *Duncan v. Sec'y of Health & Hum. Servs.*, 801 F.2d 847, 853 (6th Cir. 1986) and SSR 16-3p, applies. First, the ALJ must "examine whether there is objective medical evidence of an underlying medical condition." *Duncan*, 801 F.2d at 853; SSR 16-3p, 2017 WL 4790249, at *49463-65. If there is, then the ALJ must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." *Duncan*, 801 F.2d at 853; SSR 16-3p, 2017 WL 4790249, at *49463-65. When, as in this case, the reported pain and other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other information and factors which may be relevant to the degree of pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); SSR 16-3p, 2017 WL 4790249, at *49465-67.

**3. *Discussion***

The undersigned will review the ALJ's decision holistically in addressing Plaintiff's challenges. *See Jenna B. v. Comm'r of Soc. Sec.*, No. 3:25-cv-00126, 2025 WL 3653233, at *12 (S.D. Ohio Dec. 17, 2025) (finding that the ALJ's decision, read holistically, demonstrates he sufficiently analyzed the medical opinion for consistency); *Perkins v. Comm'r of Soc. Sec.*, No.

1:20-cv-554, 2021 WL 3722772, at *8 (S.D. Ohio Aug. 23, 2021) ("Reading the opinion as a whole, the ALJ fairly described the lack of supportability and lack of consistency for Ms. Smith's opinions . . ."); *see also Buckhannon v. Astrue*, 368 F. App'x 674, 678-79 (7th Cir. 2010) (indicating " we read the ALJ's decision as a whole and with common sense").

As mentioned above, Plaintiff disagrees with the ALJ's interpretation of the evidence concerning her COPD and hypertension. In essence, Plaintiff is requesting that the Court reweigh the evidence and substitute its judgment for that of the ALJ, something the Court cannot do. *See Big Branch Res., Inc. v. Ogle*, 737 F.3d 1063, 1074 (6th Cir. 2013).

Next, Plaintiff takes issue with the ALJ failure to include in the physical RFC the opinions of Drs. Noon and Dr. Fister that Plaintiff should avoid concentrated exposure to wetness and humidity; and Dr. Fister's opinion that Plaintiff should avoid even moderate exposure to pulmonary irritants. While the ALJ did adequately explain why Dr. Fister's more restrictive standing/walking restriction is not persuasive, there is no discussion concerning the aforementioned environmental limitations (Tr. 142-43). The Court, however, agrees with Defendant's contention that the error is harmless because the jobs that the ALJ relied on at step five do not require exposure to wetness, humidity, or pulmonary irritants (Tr. 144-45).[8] *See Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (noting that administrative law and common sense do not require courts to remand a case unless it may lead to a different result) (quoting *Fisher v. Bowen*, 869 F.2d 1055, 157 (7th Cir. 1989)).

---

8 Specifically, the vocational expert cited the representative occupations of housekeeping cleaner (DOT No. 323.687-014), mail sorter (DOT No. 222.687-022), and router (DOT No. 222.587-038) (Tr. 144). The ALJ relied on the vocational expert's testimony to find considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy (Tr. 145). Consequently, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from October 3, 2022, through the date of the decision (*Id.*).

Contrary to Plaintiff's contention, the ALJ complied with applicable law when he found Dr. Vig's opinion is not persuasive (Tr. 142). *See* 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). In pertinent part, the ALJ's decision reads:

> This opinion is not persuasive as it appears to offer the least the claimant can do as opposed to the most. It cites normal findings for the standing and lifting/carrying limits assessed while not offering any environment restriction despite noting wheezing, rales, and rhonchi with restriction on testing. For these reasons, it is *not well supported*. The opinion is also *not consistent with* the other evidence of record. It fails to account for chronic obstructive pulmonary disease, which the longitudinal record documents is severe. It appears to limit her to lifting/carrying 10 pounds but there are no musculoskeletal or respiratory findings supporting this restriction. For these reasons, the opinion is not persuasive. (Ex. 10F)

(Tr. 412). Having reviewed the administrative record, the ALJ's findings are supported by substantial evidence.

After discussing Plaintiff's subjective statements about her physical and mental impairments, the ALJ found although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 139-40). In the paragraphs that follow the ALJ accurately and thoroughly discussed the evidence in the record that substantiated his determination (Tr. 139-143). Notably, in making the above determination, the ALJ considered Plaintiff's testimony about her part-time job as a cashier and the form completed by G. Middleton, the store manager where Plaintiff worked part-time (Tr. 139, 143). The ALJ's determination is supported by substantial evidence in the record and comports with applicable law. Again, to the extent that Plaintiff is asking the Court re-weigh or reinterpret

the evidence and substitute its judgment for that of the ALJ, the Court declines to do so. *See Big Branch Res., Inc.*, 737 F.3d at 1074.

## IV. CONCLUSION

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation modified). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly follows the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## V. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

September 8, 2026

H. Brent Brennenstuhl

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies: Counsel